IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM SPIVEY, #K-81482, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-689-JPG |
| ) | |
| WILLIAM PETERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In an order entered March 1, 2011 (Doc. 37), the Court found that many of the claims presented against Defendants in Plaintiff's complaint were unrelated to each other or to the other claims. The Court advised Plaintiff that it would reserve ruling on the claims against Defendants Peters, Unknown assistant warden of programs (AWP), Unknown adjustment committee members (ACM), and Turley until the unrelated claims against the other named Defendants were dismissed or severed. The Court has since severed those claims, and now intends to proceed with the initial review of the claims against Defendants Peters, Unknown assistant warden of programs (AWP), Unknown adjustment committee members (ACM), and Turley.

Plaintiff, an inmate currently in the Menard Correctional Center, was at all times relevant to this action housed in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in

1

pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). In March of 2010, while working in the prison's dietary department, Plaintiff was told by Defendant Peters that he should not return to work the next day with braids in his hair. When Plaintiff argued that it was his right to express himself, Defendant Peters told Plaintiff that he does not have rights in prison. Plaintiff and Defendant Peters continued to argue until Defendant Turley came into the room. Defendant Turley handcuffed Plaintiff, then escorted him to segregation, smacking Plaintiff in the back of the head before putting Plaintiff in his cell.

Sometime thereafter Plaintiff was taken to an adjustment committee hearing for the altercation. Defendants Unknown ACM and Unknown AWP informed Plaintiff that he was charged with dangerous communication, threats and intimidations, insolence, and disobeying a direct order. Defendants Unknown ACM and Unknown AWP found Plaintiff guilty and sent him to segregation.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Harassment**

Plaintiff alleges he was provoked into an altercation with Defendant Peters based on that Defendant's harassment of Plaintiff. Specifically, Defendant Peters harassed Plaintiff about his hairstyle as well as his lifestyle. However, isolated and infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of . . . derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process);

*Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *See also Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language.")

Although Defendant Peters may have verbally harassed Plaintiff regarding his hairstyle or lifestyle choices, as stated above this alone does not raise a constitutional violation. Plaintiff has given no indication that Defendant Peters regularly harassed him or became physically abusive. Though the Court frowns upon the harassment of inmates by prison staff, the fact remains that such action is not itself a claim upon which relief can be granted. For this reason, this Count against Defendant Peters is dismissed with prejudice.

**Count 2:** **Excessive Force**

Plaintiff next alleges that Defendant Turley used excessive force when, while Plaintiff was handcuffed, Defendant Turley smacked Plaintiff in the back of the head before putting Plaintiff in a segregation cell following the altercation with Defendant Peters. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt,* 224 F.3d at 619. An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not

4

whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff claims that Defendant Turley smacked him in the back of the head while placing Plaintiff in his cell. However, Plaintiff does not describe the amount of force used, whether it was an open-hand or closed-fist smack, and does not explain whether or not he was resisting so as to warrant the use of force. Without this information, it is impossible for the Court to determine whether Defendant Turley's use of force was de minimis, was used in an attempt to restore order, or was an attempt to inflict purposeful injury on Plaintiff. Because the Court cannot make a clear determination at this point, this Count against Defendant Turley cannot be dismissed at this time.

**Count 3:     Due Process**

Plaintiff finally alleges that his right to due process was violated when Defendants Unknown AWP and Unknown ACM found him guilty of dangerous communications, threats and intimidations, insolence, and disobeying a direct order, then sent him to segregation. Prison disciplinary hearings satisfy due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution nor correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Plaintiff has not alleged that he did not receive written notice of the charges, could not appear before an impartial body, did not have the right to present evidence, or failed to receive a written statement at the close of the proceedings. It seems that Plaintiff's only claim to violation of his right

5

to due process is his disagreement with the outcome of the proceeding. However, a cause of action does not arise where a plaintiff simply disagrees with the outcome of a disciplinary proceeding. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). In the case at bar Plaintiff has attempted to raise a claim alleging that his due process rights were violated when he was sent to segregation, but has not alleged that the disciplinary hearing was in any way faulty. For this reason, this Count against Defendants Unknown AWP and Unknown ACM is dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Disposition:**

    **IT IS HEREBY ORDERED** that Defendants **PETERS, UNKNOWN ASSISTANT WARDEN OF PROGRAMS (AWP),** and **UNKNOWN ADJUSTMENT COMMITTEE MEMBERS (ACM)** are **DISMISSED** from this action with prejudice.

    **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **TURLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

    **IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

7

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2011**

　　　　　　　　　　　　　　　　　　　　*s/J. Phil Gilbert*
　　　　　　　　　　　　　　　　　　　　**United States District Judge**