IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM O SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **3:10-cv-00689-JPG-PMF** |
| | ) | |
| SEAN FURLOW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the defendant's motion for summary judgment (Doc. 77) and plaintiff's response thereto (Doc. 80). For the following reasons, it is recommended that the defendant's motion for summary judgment (Doc. 77) be granted.

### I. BACKGROUND

The plaintiff, William O. Spivey, is an inmate at Menard Correctional Center ("Menard"). On August 31, 2010, Spivey filed a complaint against nineteen named defendants and several other unknown defendants. *See* Docs. 1, 41. All but one of the defendants were dismissed from this case on April 19, 2011 when the Court exercised its authority to screen the complaint pursuant to 28 U.S.C. § 1915A. *See* Doc. 41. Spivey alleges that the remaining defendant, Lt. James Turley, Sr., smacked him in the back of the head after a verbal argument in March of 2010 while placing him in his cell. Spivey was working in the dietary department at Southwestern Illinois Correctional Center (SICC), a correctional facility under the jurisdiction of the Illinois Department of Corrections ("IDOC"), at the time of the alleged incident. Due to the fact Spivey did not specifically describe in his complaint the amount of force that defendant Turley used, the Court could not dismiss the remaining claim at that time. *See* Doc. 41 at 5.

1

## II. DISCUSSION

The Court will first summarize the applicable law and will then describe the relevant dispute that warrants further fact finding:

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Finally, "[e]xhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The IDOC has a three-step process that prisoners under their control are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The grievance must contain factual details regarding each aspect of the dispute, including "what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the [dispute]." *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer. *See* 20 Ill.Admin.Code § 504.830. The Chief Administrative

Officer typically advises the prisoner of the decision at step two in writing within two months after receipt of the written grievance. *See id.* The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the Chief Administrative Officer at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. The ARB typically makes a final determination within six (6) months after receipt of the appealed grievance. *See id.* With regard to prisoners under the control of the IDOC, administrative remedies may be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

When there are factual issues relating to the exhaustion defense, the Court must resolve those issues before the merits of the substantive claims may be considered. *See Pavey*, 544 F.3d at 740-42. If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *See id.* at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether:

(a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;
(b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or
(c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*.

### B. Defendant Turley's Motion for Summary Judgment (Doc. 77)

In their (Doc. 77) motion for summary judgment, the defendant argues that Spivey failed to exhaust his administrative remedies because he did not comply with the IDOC's administrative process for prisoner grievances. *See* Doc. 78 at 5. As support, the defendant offers the affidavit of Gina Allen, board member of the ARB. *See* Doc. 78-1. Allen attests that

she searched the ARB records for grievances filed by Spivey complaining that the defendant smacked him in the back of the head. *See id*. at 2-3 ¶ 7. Allen states that she was unable to find any such grievances. *Id*.

In response to the motion for summary judgment, Spivey claimed that he did file grievances after he was transferred on March 11, [2010] from SICC to Centralia Correctional Center ("CCC"), a prison under the jurisdiction of the IDOC. *See* Docs. 59, 80. While at CCC, Spivey claimed he filed two grievances. *See id*. The first one he gave to the Segregation Counselor, Jason Fallert, who Spivey claims threw away the grievance because he never got it back. *See id*. Spivey asserted that he sent the second grievance directly to the ARB in Springfield, Illinois. *See id*.

The Court determined on January 13, 2012 that issues of fact existed as to whether Spivey exhausted his administrative remedies and directed the clerk to set an evidentiary hearing pursuant to the law of this Circuit under *Pavey v. Conley*, 544 F.3d at 741-42. *See* Doc. 83.

### C. **March 15, 2012, *Pavey* Evidentiary Hearing**

The Court held an evidentiary hearing regarding defendant Turley's affirmative defense of the plaintiff's failure to exhaust administrative remedies on March 15, 2012. *See* Doc. 97. The Court heard testimony at the hearing from Spivey. Spivey repeated conclusory allegations that prison officials threw away his grievances. Spivey could offer no proof, however, that someone actually threw away his grievances. He based his conclusion on the fact that he never received responses from anyone regarding the grievances. Spivey then proceeded to make a legal argument that after he was transferred from the institution where the alleged incident occurred, it was permissible for him to exhaust his administrative remedies by sending more grievances directly to the ARB in Springfield, Illinois. The Court agrees. The IDOC regulations provide

4

that prisoners are required to submit grievances directly to the ARB when grieving "[d]ecisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned." 20 Ill.Admin.Code § 504.830(a)(3).

Plaintiff's Exhibit 1 was admitted into evidence at the hearing, a copy of which has been made part of the record. *See* Doc. 97-1. This exhibit consists of 1) return of grievance correspondence with the ARB concerning a grievance received from Spivey on February 8, 2012, and 2) a grievance authored by Spivey and dated February 6, 2012. *See id*. This material is not relevant to this lawsuit. The PLRA provides that "[n]o action *shall be brought* … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Seventh Circuit has strictly adhered to the principle that exhaustion must occur before suit is filed. *See, e.g., Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (providing that a prisoner cannot file suit and then exhaust his administrative remedies while suit is pending and citing *Perez*, 182 F.3d 532). Spivey filed this lawsuit on August 31, 2010, and his grievance is dated February 6, 2012. *See* Docs. 1, 97-1 at 2. Even if the Court could conclude that the grievance was relevant to this lawsuit, the February 6, 2012 grievance is untimely, indicating that Spivey failed to follow proper grievance procedure. *See* Doc. 97-1 at 1; *see also* 20 Ill.Admin.Code § 504.810 ("A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.").

Defendant's Exhibit 1 was also admitted into evidence at the hearing, a copy of which has been made part of the record. *See* Doc. 97-2. This exhibit consists of 1) a letter dated June 21, 2010 from the IDOC to Spivey discussing the status of a grievance received on March 23, 2010, 2) documentation related to disciplinary report Spivey received at SICC on March 9, 2010, and 3) a series of three grievances Spivey drafted on or around March 16, 2010. *See id*. The June

5

21, 2010, ARB letter demonstrates that Spivey successfully exhausted his administrative remedies regarding the complaints contained within the March 16, 2010, grievances. *See id.* at 1-2. The only question remaining then is whether the March 16, 2010, grievances contain the remaining allegations of this lawsuit; a claim that defendant Turley used excessive force against Spivey. The March 16, 2010, grievances do not appear to contain any such allegation. *See id.* at 10-15. Those grievances concern a disciplinary report that Spivey received at SICC concerning a verbal altercation with correctional officers.[1] *See id.* Accordingly, the defendant has demonstrated by a preponderance of the evidence that Spivey failed to exhaust his available administrative remedies, and this case should be dismissed.

---

[1] The allegations in the March 2010 grievances filed by Spivey appear to encompass the entire March 2010 dispute between Spivey and defendant Turley, and there is no mention of an alleged beating. *See* Doc. 97-2 at 10-15. It is very doubtful, at best, that any such beating occurred because Spivey certainly would have at least mentioned this serious allegation in his grievances describing the incident between the two parties.

## III. RECOMMENDATION

For the forgoing reasons, it is recommended that the defendant's motion for summary judgment (Doc. 77) be granted as follows:

1) It is recommended that the Court find that the defendant has proven, by a preponderance of the evidence, that the plaintiff did not exhaust his available administrative remedies prior to filing this lawsuit.

2) It is recommended that defendant Lt. James Turley, Sr. be dismissed from this lawsuit.

If this recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention.

**SO RECOMMENDED.**

**DATED: March 20, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**